## NIX *et al. v.* STEPHENS *et al.*

No error requiring a new trial appears in the judge's instructions to the jury on the trial of issues raised by caveat to the probate of a will, or in the omissions and refusals to charge, assigned as error by the caveators; and the evidence was sufficient to authorize the verdict in favor of the propounders.

No. 2314. MAY 13, 1921.

Probate of will. Before Judge Blair. Milton superior court. October 9, 1920.

The will of Susan Stephens, dated April 21, 1900, was offered for probate in the court of ordinary of Milton County in 1920; and a caveat was filed. By consent of all parties the trial of the issue raised by the caveat was appealed to the superior court. The caveat was upon the grounds: (1) that the will was not freely and voluntarily signed by the testatrix, but that she was coerced into making the same by her husband, John R. Stephens, who dominated and made her will subservient to his will in order to fix the

property of the testatrix so that it would descend to him or to his children at the death of the testatrix, instead of to all the heirs of the testatrix, she having been previously married and there being children of her first marriage surviving; (2) that the alleged will was made and signed, if at all, under a mistake of fact as to the conduct of her daughter by a previous marriage, in that she was then laboring under the impression that the children by the former marriage were endeavoring and planning to divert the share that the grandchildren of the second marriage might have in the estate of their grandmother, so that the children by the former marriage would get all the property of the testatrix, to the exclusion of said grandchildren; that such impression upon the mind of testatrix was untrue and without foundation; that the impression was either an insane delusion on the part of the testatrix or she had been wrongly informed; and that the fact that the testatrix was laboring under such a mistake of fact was the sole cause that induced her to make said will, and for this reason the will is void as to the children of the former marriage; (3) that the testatrix was of such weak mind that she did not understand the consequences of her act in signing said will, and did not have mental capacity sufficient to know that she was diverting her entire estate from the children of herself and her first husband, and for this reason the said will is void; (4) that the testatrix was "a believer in dreams, soothsayers, fortune-tellers, witches, conjurers, and the return and communion of the spirits of the dead with the living," that she was "an observer of signs, a believer in luck, and would religiously regard the interpretation of a dream by the most ignorant hypocrite," and that these facts show a total want of testamentary capacity at the time of making the alleged will.

Evidence was introduced by both sides, and the jury returned a verdict in favor of the propounders and against the caveat. The caveators filed a motion for new trial on the general grounds, which was afterwards amended; and upon the refusal of the court to grant a new trial the caveators excepted.

*George F. Gober, Mozley & Gann, H. B. Moss,* and *G. B. Walker,* for plaintiffs in error. *J. P. Brooke,* contra.

GILBERT, J. 1. Error is assigned on the refusal of the court to charge the jury the following, on written request: "I charge you that the testator must have signed the will in question in the pres-

ence of the attesting witnesses, or she must have acknowledged the signing of the will in the presence of all the witnesses, in order to make a valid, lawful will. If you believe from the evidence in this case that the subscribing witness W. P. Neese was not present when Mrs. Stephens made her mark as her signature to said will, then I charge you that it would be incumbent upon the propounders to show that Mrs. Susan Stephens afterwards expressly acknowledged her signature before said W. P. Neese, and that he signed in her presence. The burden of proof would be upon the propounders to make this proof before they would be considered to have made out what is known in law as a prima facie case." The complaint is that the court did not charge the jury in the language of their request. The evidence was uncontradicted that two of the witnesses whose names appear as attesting the will signed the same in the presence of the testatrix and in the presence of each other, but it is in direct conflict as to whether the third witness, deceased prior to the trial, signed the same in the presence of the other witnesses. The court fairly and correctly covered this issue in the general charge to the jury, as authorized by the evidence; and the failure to charge the language of the request will not require the grant of a new trial.

2. The court instructed the jury as follows: " It is also necessary that these three subscribing witnesses should sign in the presence of Mrs. Stephens, but it was not necessary that the subscribing witnesses should sign in the presence of each other or all at the same time." Error is assigned on this charge, on the ground that it is " inappropriate to the contentions made by either side upon the trial of said case." It is insisted that there was no evidence that the deceased witness signed the will at a later date, but that the issue was squarely upon the question of whether or not he signed at the time that the other witnesses signed. The language of this charge does not differ substantially from the principle recognized and requested by the caveators as quoted in the preceding headnote. Considered in connection with the context and the evidence in the case, no reversible error is shown.

3. The court instructed the jury as follows: " Now, if the propounders have shown to your satisfaction here that one of the subscribing witnesses, W. P. Neese, is dead, that is if he was a subscribing witness, and they have also shown by proof that his name

as it appears on this paper was in his handwriting, proof of these facts may be sufficient to show his signing as a subscribing witness." Plaintiffs in error admit that this charge states a correct principle of law, but insist that, one of the attesting witnesses to the will having sworn at the trial of the caveat that W. P. Neese was not present when the will was executed and witnessed by the other two witnesses, proof of the handwriting as it appeared on the will was not sufficient to show that he signed as a subscribing witness. They further insist that the charge was calculated to mislead the jurors to the belief that, although J. P. Neese testified in opposition to M. A. Brown as to the signing of W. P. Neese, they could disregard the evidence of J. P. Neese and regard the fact as proved that W. P. Neese did sign at the same time with the other witnesses, because of the proof of his signature. The charge is not subject to the criticism made, there being no contention that W. P. Neese did not sign as a witness, but rather as to when he signed. It was a correct principle of law; and if the caveators desired a further elaboration on that subject, a request therefor should have been duly submitted in writing.

4. Complaint is made that the court did not charge the jury in regard to that ground of the caveat alleging that the testatrix signed the will under a mistake of fact as to the conduct of her daughters by a former marriage, and that she was laboring under the impression that they were endeavoring and planning to divert the estate of their grandmother so that the children by the second marriage would be entirely excluded from a share in her estate. After a careful consideration of the evidence on this issue, we do not think it is of such character as would require a charge upon that subject. The only evidence on that subject was that of M. A. Brown, one of the attesting witnesses, who admitted that his recollection was not good on account of his advancing age. He testified that when he and W. P. Neese arrived at the residence of the testatrix, " Mrs. Stephens said that some of them had said that they was going to knock John's children out of their part, but she said, ' I am going to fix it so they will get their part.' So Mr. Neese went on and wrote just like she told him; and she told him, ' When you get that wrote I want you to will to John R. Stephens what I possess,' — all her part, the balance of it after she named what she had was John R. Stephens'; that was her present hus-

band. Her first husband was John H., and this was John R." The will bequeathed $1 to each of her several children and grandchildren, and " all other property or rights of whatever kind, be it money, personal property, or land," to her husband, John R. Stephens. The will as written did not necessarily treat the two sets of children on a different basis. On the trial evidence was introduced by the caveators, tending to show that no effort had been made to divert the property to the children of the first marriage, but that it had always been desired and expected that it should descend equally to all her children.

5. On the issue as to the mental capacity of the testatrix to make a will the evidence was conflicting; but the jury determined that the preponderance on this and on all other issues was with the propounders. The trial judge approved the verdict, and it is our opinion that the evidence was sufficient to authorize the finding.

*Judgment affirmed. All the Justices concur.*